MARY KIME ET AL., DEFENDANTS IN ERROR, v. THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN ERROR.

Argued June 26, 1899—Decided November 20, 1899.

On error to Essex Circuit.

For the plaintiffs in error, *Joseph Coult.*

For the defendant in error, *Samuel Kalisch.*

PER CURIAM.

Upon this writ of error we are asked to review a judgment founded on the verdict of a jury on the ground that the verdict was against the clear weight of evidence.   It is claimed on behalf of plaintiffs in error that such review may now be made by virtue of the provisions contained in the act entitled "A supplement to the act entitled 'An act respecting writs of error' (Revision), approved March 27th, 1874," which supplement was approved March 24th, 1899, and by its terms took effect immediately.

On the part of defendant in error the constitutional validity of the act is questioned.

This court has, at this term, considered the question so presented and has reached the conclusion that the legislation contained in this act was not within the constitutional power of the legislature.*

But the question thus presented did not require solution in this case.

When the act in question took effect the writ of error in this case had been allowed and returned, errors had been assigned and joinder in error had been filed.   No assignment included the objection now made, but on the argument leave was asked to file an additional assignment to that effect.

---

*See *Flanigan* v. *Guggenheim Smelting Co.*, *ante p.* 647.

An examination of the act renders it clear that its provisions were intended to have a prospective and not a retroactive effect. It cannot therefore be applicable to this writ of error, and the proposed additional assignment could not avail plaintiffs in error.

Upon this ground the leave to file an additional assignment is denied.

An examination of the assignments of error on record and bill of exceptions have led us to the conclusion that there was no error committed by the trial court in any of the respects in which error is claimed.

The judgment must therefore be affirmed.

*For affirmance* — THE CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH. 14.

*For reversal*—None.